IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**UNITED STATES OF AMERICA**

    vs.                                      Criminal Action 2:12-CR-162
                                                      Judge Smith

**TONY R. FISHER**

## REPORT AND RECOMMENDATION

The United States of America and defendant Tony R. Fisher entered into a plea agreement whereby defendant agreed to enter a plea of guilty to an *Indictment* returned in the Southern District of Indiana charging him with production of child pornography in violation of 18 U.S.C. § 2251(a) and a plea of guilty to an *Information* filed in the Southern District of Ohio charging him with coercion and enticement of a minor to engage in unlawful sexual activity in violation of 18 U.S.C. § 2422(b).[1] On September 6, 2012, defendant, accompanied by counsel, appeared for an arraignment on the *Indictment* and *Information*. Defendant consented, pursuant to 28 U.S.C. §636(b)(3), to enter a guilty plea before a Magistrate Judge. *See United States v. Cukaj,* 2001 WL 1587410 at *1 (6th Cir. 2001) [Magistrate Judge may accept a guilty plea with the express consent of the defendant and where no objection to the report and recommendation is filed]; *United States v. Torres,* 258 F.3d 791, 796 (8th Cir. 2001); *United States v. Dees,* 125 F.3d 261, 263-69 (5th Cir. 1997); *United States v. Ciapponi,* 77 F.3d 1247, 1251 (10th Cir. 1996). Defendant also waived in open court the right to an indictment on the enticement charge after being advised of the nature of the charge and of that right. *See* F.R. Crim. P. 7(b).

---

[1]This case was instituted upon the filing of the *Information* by the United States Attorney for the Southern District of Ohio. Defendant thereafter consented to the transfer of the case filed in the Southern District of Indiana, pursuant to the provisions of Fed. R. Crim. P. 20, and the *Indictment* returned in that district was also filed in this case. Both the *Indictment* and the *Information* contain forfeiture provisions, which defendant agrees not to contest.

During the plea proceeding, the undersigned observed the appearance and responsiveness of defendant in answering questions. Based on that observation, the undersigned is satisfied that, at the time the guilty pleas were entered, defendant was in full possession of defendant's faculties, was not suffering from any apparent physical or mental illness that interfered with or hindered his full participation in the proceeding,[2] and was not under the influence of narcotics or alcohol.

Prior to accepting defendant's pleas, the undersigned addressed defendant personally and in open court and determined defendant's competence to plead. Based on the observations of the undersigned, defendant understands the nature and meaning of the charges returned in the *Indictment* and *Information* and the consequences of the pleas. Defendant was also addressed personally and in open court and advised of each of the rights referred to in Rule 11 of the Federal Rules of Criminal Procedure.

Having engaged in the colloquy required by Rule 11, the Court concludes that defendant's pleas are voluntary. Defendant acknowledged that the plea agreement signed by defendant, defendant's attorney and the attorneys for the United States and filed on August 9, 2012, Doc. No. 15, represents the only promises made by anyone regarding the charges in the *Indictment* and *Information*. Defendant was advised that the District Judge may accept or reject the plea agreement and that, even if the Court refuses to accept any provision of the plea agreement not binding on the Court, defendant may nevertheless not withdraw the guilty pleas.

Defendant confirmed the accuracy of the material aspects of the statement of facts supporting the charges. Defendant confirmed that he is pleading guilty to Count One of the *Indictment* and to Count One of the *Information* because he is in fact guilty of the offenses charged in

---

[2] Defendant disclosed that he has been and continues to be treated for certain mental conditions.

those documents. The Court concludes that there is a factual basis for the pleas.

The Court concludes that defendant's pleas of guilty to Count One of the *Indictment* and to Count One of the *Information* are knowingly and voluntarily made with understanding of the nature and meaning of the charges and of the consequences of the pleas.

It is therefore **RECOMMENDED** that defendant Tony R. Fisher's guilty plea to Count One of the *Indictment* and guilty plea to Count One of the *Information* be accepted. Decision on acceptance or rejection of the plea agreement was deferred for consideration by the District Judge after the preparation of a presentence investigation report.

In accordance with S.D. Ohio Crim. R. 32.1, and as expressly agreed to by defendant through counsel, a written presentence investigation report will be prepared by the United States Probation Office. Defendant will be asked to provide information; defendant's attorney may be present if defendant so wishes. Objections to the presentence report must be made in accordance with the rules of this Court.

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision

of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn,* 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.,* 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).


September 7, 2012                                                    *s/ Norah McCann King*
 Date                                                                   Norah M<sup>c</sup>Cann King
                                                                United States Magistrate Judge